FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

OCT 27 2020

JAMES W. McCORMACK, CLERK
By: _____ DEP CLERK

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**HEATHER WRIGHT, Individually and on Behalf of All Others Similarly Situated**          **PLAINTIFF**

vs.                     No. 4:20-cv-1283-LPR

This case assigned to District Judge _Rudofsky_
and to Magistrate Judge _Volpe_

**KING OF FREIGHT, LLC**                     **DEFENDANT**

### ORIGINAL COMPLAINT—COLLECTIVE ACTION

COMES NOW Plaintiff Heather Wright ("Plaintiff"), individually and on behalf of all others similarly situated, by and through her attorneys Blake Hoyt and Josh Sanford of Sanford Law Firm, PLLC, and for her Original Complaint—Collective Action ("Complaint") against Defendant King of Freight, LLC, ("Defendant"), she states and alleges as follows:

### I.     PRELIMINARY STATEMENTS

1.      This is a collective action brought by Plaintiff, individually and on behalf of all others similarly situated, against Defendant for violations of the minimum wage and overtime provisions of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* (the "FLSA"), and the minimum wage and overtime provisions of the Arkansas Minimum Wage Act, Ark. Code Ann. § 11-4-201, *et seq.* (the "AMWA").

2.      Plaintiff seeks a declaratory judgment, monetary damages, liquidated damages, prejudgment interest, and a reasonable attorney's fee and costs as a result of Defendant's failure to pay proper minimum wages and overtime compensation under the FLSA and the AMWA.

## II. JURISDICTION AND VENUE

3. The United States District Court for the Eastern District of Arkansas has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because this suit raises federal questions under the FLSA.

4. This Complaint also alleges AMWA violations, which arise out of the same set of operative facts as the federal cause of action; accordingly, this Court has supplemental jurisdiction over Plaintiff's AMWA claims pursuant to 28 U.S.C. § 1367(a).

5. The acts complained of herein were committed and had their principal effect against Plaintiff within the Central Division of the Eastern District of Arkansas; therefore, venue is proper within this District pursuant to 28 U.S.C. § 1391.

## III. THE PARTIES

6. Plaintiff is an individual and resident of Faulkner County.

7. Defendant is a Kansas limited liability company.

8. Defendant's registered agent for service is Michael A. Ricklefs, at 605 South Wichita Street, Wichita, Kansas 67202.

9. Defendant maintains a website at https://www.kingsoffreight.com/index.php.

## IV. FACTUAL ALLEGATIONS

10. Plaintiff repeats and re-alleges all the preceding paragraphs of this Complaint as if fully set forth in this section.

11. Within the three years preceding the filing of this Complaint, Defendant has continuously employed at least four employees.

12. Defendant employs two or more individuals who engage in interstate commerce or business transactions, or who produce goods to be transported or sold in interstate commerce, or who handle, sell, or otherwise work with goods or materials that have been moved in or produced for interstate commerce.

13. Defendant's annual gross volume of sales made or business done is not less than $500,000.00 (exclusive of excise taxes at the retail level that are separately stated) in each of the three years preceding the filing of the Original Complaint.

14. Defendant's primary business is providing freighting, brokerage and freight logistics services to its customers.

15. At all times material herein, Plaintiff has been entitled to the rights, protections, and benefits provided under the FLSA.

16. At all times material herein, Plaintiff has been classified by Defendant as non-exempt from the overtime requirements of the FLSA, 29 U.S.C. § 207, and the AMWA, Ark. Code Ann. § 11-4-211, and has been paid an hourly wage.

17. Defendant employed Plaintiff as an hourly-paid Freight Broker from April of 2020 to the present.

18. Defendant paid Plaintiff $7.25 per hour for several weeks in and around May, and then began paying Plaintiff $12.50 per hour.

19. Defendant also employed other hourly-paid Freight Brokers.

20. Plaintiff's duties included calling potential customers, taking calls from customers, booking loads, and monitoring logistics and accounts receivable.

21. Other Freight Brokers had similar duties to Plaintiff.

22. At all relevant times herein, Defendant directly hired Freight Brokers to work on its behalf, paid them wages and benefits, controlled their work schedules, duties, protocols, applications, assignments and employment conditions, and kept at least some records regarding their employment.

23. Plaintiff and other Freight Brokers regularly worked hours for which they were not paid.

24. Plaintiff is not allowed to clock in before 8:00 am and is required to clock out around 5:00 pm, but Plaintiff is also required to respond to calls from customers and Defendant to books loads at all hours of the day or night.

25. Plaintiff estimates she worked around five to ten hours which went unrecorded and uncompensated each week.

26. Upon information and belief, other Freight Brokers have similar restraints on when they are allowed to be clocked in, yet are also required to respond to calls to book loads whether or not they are clocked in.

27. Upon information and belief, other Freight Brokers also work hours which go unrecorded and uncompensated.

28. When Plaintiff and other Freight Brokers book loads, that transaction (including a timestamp) is recorded in Defendant's system.

29. Because Plaintiff and other Freight Brokers worked hours which went unrecorded and uncompensated, Defendant failed to pay Plaintiff and other Freight Brokers a sufficient minimum wage for all hours worked, and also failed to pay Plaintiff and other Freight Brokers a sufficient overtime premium for all hours worked over forty each week.

30. Defendant knew or should have known that Plaintiff and other Freight Brokers were working additional hours off-the-clock for which they were not compensated.

31. Plaintiff and other Freight Brokers were paid commission for each load they booked.

32. Section 778.117 of Title 29 of the Code of Federal Regulations states that commissions "are payments for hours worked and must be included in the regular rate," regardless of the basis for them or their frequency.

33. Defendant violated the FLSA by not including the commissions paid to Plaintiff and other Freight Brokers in their regular rate when calculating their overtime pay.

34. At all relevant times herein, Defendant has deprived Plaintiff and other Freight Brokers of regular wages and overtime compensation for all of the hours worked.

35. Defendant knew or showed reckless disregard for whether its actions violated the FLSA.

## V.  REPRESENTATIVE ACTION ALLEGATIONS

36. Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully incorporated in this section.

37. Plaintiff brings this claim for relief for violation of the FLSA as a collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b), on behalf of all persons similarly situated as Freight Brokers who were, are, or will be employed by Defendant within the applicable statute of limitations period, who are entitled to payment of the following types of damages:

A. Minimum wages for all hours worked;

B. Overtime premiums for all hours worked over forty (40) hours in any week;

C. Liquidated damages; and

D. Attorney's fees and costs.

38. Plaintiff proposes the following class under the FLSA:

**All Freight Brokers in the past three years.**

39. In conformity with the requirements of FLSA Section 16(b), Plaintiff has filed or will soon file a written Consent to Join this lawsuit.

40. The relevant time period dates back three years from the date on which Plaintiff's Original Complaint—Collective Action was filed herein and continues forward through the date of judgment pursuant to 29 U.S.C. § 255(a), except as set forth herein below.

41. The members of the proposed FLSA class are similarly situated in that they share these traits:

A. They were paid hourly;

B. They received commission;

C. They were subject to Defendant's common policy of failing to include commission in their regular rate when calculating their overtime pay;

D. They were subject to Defendant's common policy of requiring them to clock in and out at specific times;

E. They were required to take calls from Defendant and customers at all times of the day or night;

F. They were subject to Defendant's common policy of requiring Freight Brokers to work off the clock; and

G. They were subject to Defendant's common policy of failing to pay Freight Brokers for all hours worked.

42. Plaintiff is unable to state the exact number of the class but believes that the class exceeds two hundred (200) persons.

43. Defendant can readily identify the members of the class, who are a certain portion of the current and former employees of Defendant.

44. The names and physical and mailing addresses of the probable FLSA collective action plaintiffs are available from Defendant.

45. The email addresses of many of the probable FLSA collective action plaintiffs are available from Defendant.

## VI. FIRST CLAIM FOR RELIEF
### (Individual Claim for FLSA Violations)

46. Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully set forth herein.

47. Plaintiff asserts this claim for damages and declaratory relief pursuant to the FLSA, 29 U.S.C. § 201, *et seq.*

48. At all relevant times, Defendant has been, and continues to be, an enterprise engaged in commerce within the meaning of the FLSA, 29 U.S.C. § 203.

49. 29 U.S.C. §§ 206 and 207 require any enterprise engaged in commerce to pay a minimum wage for all hours worked up to 40 in one week and to pay 1.5x their regular wages for all hours worked over 40, unless an employee meets certain exemption requirements of 29 U.S.C. § 213 and all accompanying DOL regulations.

50. Defendant classified Plaintiff as non-exempt from the requirements of the FLSA.

51. Defendant failed to pay Plaintiff for all hours worked.

52. Defendant failed to pay Plaintiff a sufficient minimum wage for all hours worked and failed to pay Plaintiff a sufficient overtime premium for all hours worked over forty each week.

53. Defendant violated Section 778.117 of Title 29 of the CFR by not including commissions paid to Plaintiff in her regular rate when calculating her overtime pay.

54. Defendant knew or should have known that its actions violated the FLSA.

55. Defendant's conduct and practices, as described above, were willful.

56. By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiff for monetary damages, liquidated damages and costs, including reasonable attorney's fees provided by the FLSA for all violations which occurred beginning at least three years preceding the filing of Plaintiff's initial complaint, plus periods of equitable tolling.

57. Defendant has not acted in good faith nor with reasonable grounds to believe its actions and omissions were not a violation of the FLSA, and, as a result thereof, Plaintiff is entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid minimum wage and unpaid overtime premium pay described above pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b).

58. Alternatively, should the Court find that Defendant acted in good faith in failing to pay Plaintiff as provided by the FLSA, Plaintiff is entitled to an award of prejudgment interest at the applicable legal rate.

### VII.   SECOND CLAIM FOR RELIEF
(Collective Action Claim for FLSA Violations)

59. Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully set forth herein.

60. Plaintiff asserts this claim for damages and declaratory relief on behalf of all similarly situated employees pursuant to the FLSA, 29 U.S.C. § 201, *et seq.*

61. At all relevant times, Defendant has been, and continues to be, an enterprise engaged in commerce within the meaning of the FLSA, 29 U.S.C. § 203.

62. 29 U.S.C. §§ 206 and 207 require any enterprise engaged in commerce to pay all employees a minimum wage for all hours worked up to 40 in one week and to pay 1.5x their regular wages for all hours worked over forty (40) in a week, unless an employee meets certain exemption requirements of 29 U.S.C. § 213 and all accompanying Department of Labor regulations.

63. Defendant classified Plaintiff and other similarly situated employees as non-exempt from the overtime provisions of the FLSA.

64. Defendant failed to pay Plaintiff and similarly situated employees for all hours worked.

65. Defendant failed to pay Plaintiff and similarly situated employees sufficient minimum wage for all hours worked and failed to pay Plaintiff and similarly situated employees a sufficient overtime premium for all hours worked over forty each week

66. Defendant violated Section 778.117 of Title 29 of the CFR by not including commissions paid to Plaintiff and similarly situated employees in their regular rate when calculating their overtime pay.

67. Defendant deprived Plaintiff and similarly situated employees of compensation for all of the hours worked over forty (40) per week, in violation of the FLSA.

68. Defendant knew or should have known that its actions violated the FLSA.

69. Defendant's conduct and practices, as described above, were willful.

70. By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiff and all similarly situated employees for monetary damages, liquidated damages and costs, including reasonable attorney's fees provided by the FLSA for all violations which occurred beginning at least three years preceding the filing of Plaintiff's initial complaint, plus periods of equitable tolling.

71. Defendant has not acted in good faith nor with reasonable grounds to believe its actions and omissions were not a violation of the FLSA, and, as a result thereof, Plaintiff and similarly situated employees are entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid minimum wage and overtime premium pay described above pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b).

72. Alternatively, should the Court find that Defendant acted in good faith in failing to pay Plaintiff and the collective members as provided by the FLSA, they are entitled to an award of prejudgment interest at the applicable legal rate.

## VIII.   THIRD CLAIM FOR RELIEF
### (Individual Claim for AMWA Violations)

73. Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully set forth herein.

74. Plaintiff asserts this claim for damages and declaratory relief pursuant to the AMWA, Ark. Code Ann. §§ 11-4-201, *et seq*.

75. At all relevant times, Defendant was Plaintiff's "employer" within the meaning of the AMWA, Ark. Code Ann. § 11-4-203(4).

76. Sections 210 and 211 of the AMWA require employers to pay all employees a minimum wage for all hours worked, and to pay one and one-half times regular wages

for all hours worked over forty hours in a week, unless an employee meets the exemption requirements of 29 U.S.C. § 213 and accompanying Department of Labor regulations.

77. Defendant classified Plaintiff as non-exempt from the requirements of AMWA.

78. Defendant failed to pay Plaintiff for all hours worked.

79. Defendant failed to pay Plaintiff a sufficient minimum wage for all hours worked and failed to pay Plaintiff a sufficient overtime premium for all hours worked over forty each week.

80. Defendant failed to include the commissions paid to Plaintiff when calculating her overtime premium.

81. Defendant knew or should have known that its practices violated the AMWA.

82. Defendant's conduct and practices, as described above, were willful, intentional, unreasonable, arbitrary, and in bad faith.

83. By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiff for, and Plaintiff seeks, monetary damages, liquidated damages, prejudgment interest, and costs, including reasonable attorney's fees as provided by the AMWA.

## IX.    PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiff Heather Wright, individually and on behalf of all others similarly situated, respectfully prays that Defendant be summoned to appear and to answer this Complaint and for declaratory relief and damages as follows:

A. Declaratory judgment that Defendant's practices alleged in this Complaint violate the FLSA, the AMWA, and their related regulations;

B.  Certification of a collective under Section 216 of the FLSA of all individuals similarly situated, as further defined in any motion for the same;

C.  Judgment for damages suffered by Plaintiff and others similarly situated for all unpaid overtime wages under the FLSA, the AMWA and their related regulations;

D.  Judgment for liquidated damages owed to Plaintiff and all others similarly situated pursuant to the FLSA, the AMWA, and their related regulations;

E.  An order directing Defendant to pay Plaintiff and all others similarly situated interest, a reasonable attorney's fee and all costs connected with this action; and

F.  Such other and further relief as this Court may deem just and proper.

Respectfully submitted,

**HEATHER WRIGHT, Individually and on Behalf of All Others Similarly Situated, PLAINTIFF**

SANFORD LAW FIRM, PLLC
One Financial Center
650 South Shackleford Road, Suite 411
Little Rock, Arkansas 72211
Telephone: (501) 221-0088
Facsimile: (888) 787-2040

Blake Hoyt
Ark. Bar No. 2014252
blake@sanfordlawfirm.com

Josh Sanford
Ark. Bar No. 2001037
josh@sanfordlawfirm.com

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**HEATHER WRIGHT, Individually and on Behalf of All Others Similarly Situated**   **PLAINTIFF**

vs.   No. 4:20-cv-1283-LPR

**KING OF FREIGHT, LLC**   **DEFENDANT**

### CONSENT TO JOIN COLLECTIVE ACTION

I was employed as a Freight Broker for King of Freight, LLC, within the past three (3) years. I understand this lawsuit is being brought under the Fair Labor Standards Act for <u>unpaid wages</u>. I consent to becoming a party-plaintiff in this lawsuit, to be represented by Sanford Law Firm, PLLC, and to be bound by any settlement of this action or adjudication by the Court.

*Heather wright*
_____
**HEATHER WRIGHT**
October 27, 2020

**Josh Sanford, Esq.**
**SANFORD LAW FIRM, PLLC**
**One Financial Center**
**650 South Shackleford Road, Suite 411**
**Little Rock, Arkansas 72211**
**Telephone: (501) 221-0088**
**Facsimile: (888) 787-2040**
**josh@sanfordlawfirm.com**